Leslie Burns (SBN 276687)
Carolyn E. Wright (SBN 263960)
Law Office of Carolyn E. Wright, LLC
P.O. Box 430
Glenbrook, NV 89413
(619) 798-8186 (telephone)
(775) 580-7322  (facsimile)
Email: leslie@photoattorney.com
Email: carolyn@photoattorney.com
Attorneys for Plaintiff

THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA SMART, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GREGORY STEINKE, an individual,<br><br>and<br>DOES 1 through 10<br><br>Defendants. | CASE No.: '15CV1619 LAB MDD<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT WITH DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff Sheila Smart ("Smart"), who states her claims against the Defendants, as follows:

JURISDICTION AND VENUE

1. This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.* Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has personal jurisdiction over Defendant Gregory Steinke

("Steinke") by virtue of his residing and doing business within this district.

3.   This Court has personal jurisdiction over Does 1-10 by virtue of their doing business within this district in connection with the website, www.101thingstodosw.com/san-diego (the "101 Website").

4.   Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (c) and 1400(a).

## THE PARTIES TO THIS COMPLAINT

5.   Smart is professional freelance photographer who is a citizen of and domiciled in Australia.

6.   On information and belief, Steinke is the publisher, owner, operator, and manager of the 101 Website, with a business address of 3142 Tiger Run Court, Carlsbad, California 92010, and was so at all times during the events referenced in and at the time of the filing of this Complaint.

7.   Smart does not know the true names of Does 1 through 10 and therefore sues them under fictitious names (the "Does"); however, on information and belief, the Does, along with Steinke, are managers, owners, and operators of the 101 Website.

## OPERATIVE FACTS

8.   Smart is a full-time, freelance, professional photographer.  As part of her profession, Smart creates photographs that she licenses for use.

9.   On December 17, 2006, Smart created, was the author of, and at all times owned the copyrights to the photograph of children playing underwater at issue in this matter, as shown below (the "Photograph"):



10.     On or about December 18, 2006, Smart first published the Photograph on her websites at http://www.sheilasmartphotography.com.au, and http://www.pbase.com/sheila with her copyright notice of "©Sheila Smart," along with information on how to license the Photograph.

11.     Smart registered the Photograph with the U.S. Copyright Office, which issued Certificate of Registration number VA-1-796-915, with an effective date of November 9, 2011, as shown below:

**Certificate of Registration**

This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*
Register of Copyrights, United States of America

Registration Number
VA 1-796-915

Effective date of registration:
November 9, 2011

**Title**
- Title of Work: Children swimming underwater

**Completion/Publication**
- Year of Completion: 2006
- Date of 1st Publication: December 18, 2006
- Nation of 1st Publication: United States

**Author**
- Author: Sheila Ann Mary Smart
- Author Created: photograph(s)
- Citizen of: Australia
- Domiciled in: Australia
- Year Born: 1945

**Copyright claimant**
- Copyright Claimant: Sheila Ann Mary Smart
- 39 Patrick Street, Avalon Beach, Sydney, 2107, Australia

**Certification**
- Name: Sheila Ann Mary Smart
- Date: November 9, 2011

Page 1 of 1

12.     Smart has complied in all respects with the Copyright Act of 1976, 17 U.S.C. §101, *et seq.*, as amended, and all other laws and regulations governing copyrights with respect to the Photograph.

13. In or about September 2011, Smart and Steinke exchanged email correspondence in which: (1) Smart gave notice that the Steinke had used the Photograph on the website at:

http://101things.com/orangecounty/things-to-do-this-weekend-aug-5-7th/

without authorization, and (2) Steinke admitted the same and thereafter removed the Photograph (the "2011 Emails").

14. In July 2014, Smart discovered that Steinke and Does (collectively, the "Defendants") had reproduced, displayed, and distributed the Photograph, beginning in or about July 2014, on the home page of the 101 Website, as shown below:



15. Smart did not license or otherwise authorize Defendants to reproduce, display, or distribute her Photograph in any manner.

16. From July 14 through 31, 2014, Smart sent email correspondence to Steinke three times, giving him notice of the Defendants' infringement of the Photograph and offering to discuss settlement.

17. The Defendants did not reply to Smart's email correspondence;

however, the Defendants removed the Photograph from the 101 Website soon after Smart's first email in July 2014.

18. On August 7, 2014, Smart, through her attorneys, sent a letter to the Defendants by U.S. Mail and email to Steinke at gregs@101sandiego.com, asking for an accounting of all of the Defendants' uses of the Photograph and offering to discuss settlement of Smart's claims. Neither Smart nor her attorneys received a reply from the Defendants.

19. On August 14 and 21, 2014, Smart, through her attorneys, sent follow-up email correspondence to Steinke offering to discuss settlement of Smart's claims.

20. On August 25, 2014, Steinke sent email correspondence to Smart's attorney, Leslie Burns, stating that Steinke had asked an attorney, who he failed to identify, to represent him for Smart's claims.

21. On or about November 7, 2014, Burns received a letter from Marcus Bastida, Esq., who stated that he had not been retained by the Defendants but that the Defendants disclaimed liability for Smart's claims.

22. On November 11and 12, 2014, Burns and Steinke exchanged email correspondence, but Steinke refused to discuss settlement of Smart's claims.

23. Burns contacted Steinke via email more than 10 times between November 19, 2014, and February 20, 2015, to attempt to discuss settlement of Smart's claims, but Steinke never responded.

24. On March 13, 2015, Burns received a letter from Don Frazer, Esq., who stated that he had not been retained by the Defendants but that the Defendants disclaimed liability for Smart's claims.

25. On March 16, 2015, Burns contacted Steinke via email providing copies of the 2011 Emails and again offering to discuss settlement of Smart's claims, but Steinke did not reply.

26. On March 27 and April 10, 2015, Burns sent follow-up emails to Steinke to discuss settlement of Smart's claims, but Steinke did not reply.

27. Since Smart first discovered the Defendants' reproduction, display, and distribution of the Photograph on the 101 Website in July 2014, her claims are within the three-year statute of limitations period pursuant to 17 U.S.C. § 507(b).

## FIRST CAUSE OF ACTION
(Copyright Infringement by Defendants)

28. Smart re-alleges and incorporates by reference Paragraphs 1 through 27 above.

29. Defendants reproduced, displayed, and distributed the Photograph to the public via the 101 Website.

30. Defendants have not compensated Smart for their reproduction, display, or distribution of the Photograph.

31. Defendants' conduct violates the exclusive rights belonging to Smart as owner of the copyright for the Photograph, including without limitation, Smart's exclusive rights under 17 U.S.C. § 106.

32. As a direct and proximate result of their wrongful conduct, Defendants have realized and continue to realize profits and other benefits rightfully belonging to Smart for the Photograph. Accordingly, Smart seeks an award of actual damages pursuant to 17 U.S.C. § 504.

33. Smart is entitled to and seeks statutory damages for Defendants' infringement of the Photograph, including attorneys' fees and costs, pursuant to 17 U.S.C. §§504 and 505.

34. Since Defendants had been put on notice in September 2011 that Smart owned the copyright to the Photograph, Defendants' infringement of the Photograph with respect to the 101 Website was willful and performed with knowledge that its reproduction, display, and distribution of the

Photograph were unauthorized; Smart is therefore entitled to the recovery of enhanced statutory damages for Defendants' infringement of the Photograph pursuant to 17 U.S.C. § 504.

## SECOND CAUSE OF ACTION

(Vicarious Infringement by Steinke and Does)

35. Smart re-alleges and incorporates by reference Paragraphs 1 through 34 above.

36. As managers, owners, and operators of the 101 Website, the Defendants had both a legal right to stop or limit the directly infringing conduct stemming from the reproduction, display, and distribution of the Photograph, as well as the practical ability to do so.

37. Additionally, as managers, owners, and operators of the 101 Website, the Defendants gained a direct financial benefit from the direct infringement via the unauthorized reproduction, display, and distribution of the Photograph on the 101 Website.

38. As such, the Defendants had: (1) the right and ability to supervise or control the infringing activity; and, (2) a direct financial benefit from that activity. Therefore, the Defendants are vicariously liable for the infringement of the Photograph.

39. As a direct and proximate result of the Defendants' vicarious infringement as described above, Smart has suffered injuries and damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Declare that the Defendants' unauthorized conduct violates Smart's rights under common law and the Federal Copyright Act;

2. Order that the Defendants each are jointly and severally vicariously liable for the direct infringement of Smart's

      copyright in the Photograph.

2. Order Defendants to account to Smart for all gains, profits, and advantages derived by Defendants due to their infringement of Smart's copyright in the Photograph; or such damages as are proper;

3. Award Smart profits and damages in such amount as may be found pursuant to 17 U.S.C. § 504 (b) for Defendants' infringing the copyright in the Photograph;

4. Alternatively, award maximum statutory damages in the amount of $30,000 for their infringement pursuant to 17 U.S.C. § 504 (c)(1); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

5. Upon a finding that Defendants willfully infringed Smart's copyright in the Photograph, award Smart maximum statutory damages in the amount of $150,000 pursuant to 17 U.S.C. § 504 (c)(2); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

6. Award Smart her costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505;

7. Enter preliminary and permanent injunctions providing that the Defendants shall deliver to Smart all copies of the infringement, and all other materials containing such infringing copies in Defendants' possession, custody or control, for destruction;

8. Enter preliminary and permanent injunctions providing that Defendants shall deliver to Smart an accounting identifying each reproduction, display, or distribution of the Photograph;

9. Enter preliminary and permanent injunctions enjoining Defendants from engaging in any further acts of copyright

infringement of the Photograph; and,

10. For such other and further relief as the Court may deem just and proper.

Plaintiff demands a jury trial on all of the foregoing counts.

This 21st day of July, 2015.

                                              Respectfully submitted,

                                              /s/Leslie Burns

                                              _____
Leslie Burns (CA Bar No. 276687)
Carolyn E. Wright (SBN 263960)
Law Offices of Carolyn E. Wright, LLC
P.O. Box 430
Glenbrook, NV 89413
(619) 798-8186  (telephone)
(775) 580-7322  (facsimile)